UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
Aug 27 2024
ARTHUR JOHNSTON, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                              CRIMINAL NO. 1:24cr89-HSO-RPM

QUALITY POULTRY AND SEAFOOD, INC.

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, and defendant Quality Poultry and Seafood, Inc. (QPS) through their undersigned attorneys agree as follows:

**I. Obligations of the Parties**

1. Defendant QPS agrees to plead guilty to a felony Information charging the corporation with participating in a Title 18, United States Code, Section 371, conspiracy to defraud its customers by marketing mislabeled seafood, in violation of Title 21, United States Code, Sections 331(k) and 333(a)(2), and in having used interstate wire transmissions to facilitate the fraud, in violation of Title 18, United States Code, Section 1343.

2. Defendant QPS acknowledges that it understands the nature and elements of the offense to which it agrees to plead guilty. The defendant waives its right to have a separate sealed plea supplement as provided by Local Rule 49.1(B)(2).

3. Defendant QPS agrees to pay the forfeitures, and costs set forth herein and otherwise to fulfill the sentence proposed in this Agreement if so ordered by the Court.

4. The United States Attorney's Office for the Southern District of Mississippi and the Environmental Crimes Section of United States Department of Justice ("the Government") will: (a) recommend that the Court accept the defendant's plea of guilty; (b) recommend that the Court sentence the defendant as set forth below; (c) inform the United States Probation Office and the Court of this Agreement, the nature and extent of the defendant's activities with respect to this case and all other activities of the defendant the government or the Court deems relevant to sentencing.

## II. Conditions and Waivers

5. Defendant QPS acknowledges that the sentence the parties propose to the Court in this Plea Agreement is only a recommendation that the Court may accept or reject and that the Court may impose some other sentence that it determines to be just.

6. Defendant QPS understands that the penalty that may be imposed for its plea of guilty to the Information is to be determined according to the factors set forth in Title 18, United States Code, Sections 3553 and 3572. If a penalty is imposed it is to be determined under Title 18, United States Code, Section 3571(c)(1) and (d), with the maximum penalty being Probation not more than five (5) years, Supervised release of not more than three (3) years, and a $500,000 fine pursuant to Title 18, United States Code, Section 3571(c), or not more than the greater of twice the gross gain or twice the gross loss pursuant to Title 18, United States Code, Section 3571(d), whichever is greater.

7. Defendant QPS acknowledges that in pleading guilty, it is giving up the right: (a) to plead not guilty and to persist in that plea; (b) to have its guilt or innocence determined by a jury after it has considered the evidence presented at trial; (c) to confront and cross-examine adverse witnesses; (d) to testify and to present evidence; (e) and to compel the attendance and testimony of witnesses.

8. The Information setting forth the charges is incorporated by reference into this Plea Agreement. By entering into this Plea Agreement, QPS admits to the facts alleged in the Information and that it is in fact guilty of these offenses.

9. If the guilty plea is entered and defendant QPS fulfills all of the terms of this Plea Agreement, the United States will not file any additional criminal charges against the defendant arising from the facts set forth in the Information.

10. Defendant QPS understands and acknowledges that it is entering into this Plea Agreement and is pleading guilty freely and voluntarily because it is guilty and that its plea has not been induced by any threat, coercion, or intimidation of any kind. Defendant QPS acknowledges complete satisfaction with the representation of its counsel and the advice it has received in connection with this Plea Agreement.

11. Having agreed to plead guilty to the one-count Information, defendant QPS acknowledges that it is not a prevailing party as defined in Title 18, United States Code, Section 3006A (statutory note captioned "Attorney Fees and Litigation Expenses to Defense") and hereby expressly waives its right to sue the United States for its prosecution in this case.

12. No additional promises, agreements, or conditions have been made concerning this matter other than those expressly set forth herein, and none will be made unless in writing and signed by all parties to this Agreement.

13. Defendant QPS and its officers agree to continue to provide truthful and complete information to federal authorities concerning all matters pertaining to the charges to which it has agreed to plead guilty and agree to cooperate fully with the government in providing assistance and

truthful information and testimony in any investigation and prosecution the government undertakes relating to the charges at issue here.

14. Defendant QPS understands that this Agreement does not protect it or any of its officers or employees from prosecution for perjury should an authorized representative of QPS testify untruthfully or for making false statements nor does it protect these parties from prosecution for other crimes or offenses which the United States discovers by independent investigation. Further, should the defendant fail to comply fully with the terms and conditions set forth herein, this Agreement is voidable at the election of the United States, and the defendant may be subject to prosecution as if the Agreement had never been made.

15. Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of Defendant's rights, in exchange for the U.S. Attorney entering into this plea agreement, hereby expressly waives the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever.

### III. Recommended Sentence

16. The parties hereby agree to recommend the following sentence that the parties submit is just and equitable and an appropriate punishment for the crimes set forth in the accompanying Information to which defendant QPS has agreed to plead guilty:

(a) Defendant QPS agrees to forfeit $1,000,000 which it will pay to the United States Marshals Service, as directed by the U.S. Attorney's Office, within five business days of the Court's entry of the judgment and conviction.

(b) Defendant QPS and the government agree that the forfeiture payment represents a fair and just resolution of all issues associated with loss and fine calculations.

(c) In consideration of the Defendant's forfeiture payment, the Government agrees to recommend that a fine of $150,000 be imposed.

(d) Consistent with Title 18, United States Code, Section 3561(c)(1), defendant QPS shall be subject to five years of probation, which shall include the following conditions:

(i) The defendant shall not commit another federal, state, or local crime.

(ii) The defendant shall maintain for no less than five years records describing the species, sources, and cost of the seafood it acquires for sale to its customers. The defendant shall make these records available to any federal, state, or local governmental authority that regulates or monitors the service and distribution of food for human consumption and to any such agency that regulates the harvesting, storage, labeling, or sale of seafood.

(iii) The defendant shall answer truthfully any inquiry from any governmental agency and from any customer as to the species, source, and cost of any seafood it prepares, serves, sells, or advertises for sale.

(e) The Courts shall maintain jurisdiction over this case for a period sufficient to assure compliance with this sentence.

16. Prior to or at the time of sentencing, defendant QPS will pay a special assessment of $400 per count as required in Title 18, United States Code, Section 3013(a)(2)(B). This payment shall be made to the United States District Court, at the United States Clerk's Office,

2012 15th Street, Suite 403, Gulfport, Mississippi 39501. The defendant will furnish to the Government a receipt or other evidence of payment at the time of sentencing.

WITNESS OUR SIGNATURES:

TODD W. GEE
United States Attorney
Southern District of Mississippi

_____   Date: 8/27/2024
ANDREA C. JONES
Assistant United States Attorney
Southern District of Mississippi


TODD KIM
Assistant Attorney General
Environment and Natural Resource Division
United States Department of Justice

_____   Date: 8/27/2024
JEREMY F. KORZENIK
Senior Trial Attorney
Environmental Crimes Section

_____   7/29/24
[NAME]
Authorized Agent for Quality
Poultry and Seafood, Inc.

_____   7/29/24
BILLY GIBBENS
Attorney for Defendant Quality
Poultry and Seafood, Inc. Date:

_____   7-29-24
WAYNE L. HENGEN
ATTORNEY FOR DEFENDANT
QUALITY POULTRY AND
SEAFOOD, INC.